No. 14-1875

In the
# United States Court of Appeals
### for the Seventh Circuit

KEVIN L. HAROLD,
*Plaintiff-Appellant*,

v.

CHRISTOPHER C. STEEL, PETERS & STEEL, LLC,
*Defendants-Appellees*.

**On Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division
Case No. 13-cv-00173-TWP-DML
The Honorable Tanya Walton Pratt, District Judge, Presiding**

## REPLY BRIEF OF
## PLAINTIFF-APPELLANT KEVIN L. HAROLD

ROBERT E. DUFF
INDIANA CONSUMER LAW GROUP/
THE LAW OFFICE OF ROBERT E. DUFF
P.O. BOX 7251
FISHERS, IN 46037
800-817-0461
ROBERT@ROBERTDUFFLAW.COM

*Attorney for Plaintiff-Appellant
Kevin L. Harold*

Becker Gallagher · Cincinnati, OH · Washington, D.C. · 800.890.5001

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii

ARGUMENT .......................................................................................................... 1

CONCLUSION ..................................................................................................... 11

CERTIFICATE OF COMPLIANCE ................................................................... 12

CERTIFICATE OF SERVICE ............................................................................ 13

# TABLE OF AUTHORITIES

**Cases**

*Arnold v. KJD Real Estate, LLC*,
    752 F.3d 700 (7th Cir. 2014) .................................................................................... 3

*Baker v. General Motors Corp.*,
    522 U.S. 222, 118 S.Ct. 657, 139 L.Ed.2d 580 (1998) ................................................ 5

*Bolden v. City of Topeka, Kansas*,
    441 F.3d 1129 (10th Cir. 2006) .................................................................................. 5

*Exxon Mobil Corp. v. Saudi Basic Industries Corp.*,
    544 U.S. 280, 125 S.Ct. 1517 (2005) .......................................................... 5, 8, 10, 11

*Hoblock v. Albany County Board of Elections*,
    422 F.3d 77 (2d Cir.2005) .......................................................................................... 3

*Johnson v. Pushpin Holdings, LLC*,
    748 F.3d 769 (7th Cir. 2014) ...................................................................................... 9

*Kremer v. Chemical Constr. Corp.*,
    456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982) ................................................ 5

*Lance v. Dennis*,
    546 U.S. 459 (2006) .................................................................................................. 6

*Mather v. Territorial Savings Bank*,
    2014 WL 3778570 (D.Haw. July 31, 2014) ............................................................. 10

*McNair v. Maxwell & Morgan PC*,
    2014 WL 4209248 (D.Ariz. August 26, 2014) ......................................................... 10

*Nesses v. Shepard*,
    68 F.3d 1003 (7th Cir. 1995) ...................................................................................... 9

*Sheikhani v. Wells Fargo Bank*,
    2014 WL 4257777 (7th Cir. August 29, 2014) ......................................................... 10

*Tipton v. Flack,*
    271 N.E.2d 185 (Ind. Ct. App. 1971 ) ........................................................................ 2

*Truong v. Bank of America, N.A.*,
    717 F.3d 377 (5th Cir. 2013) ...................................................................................... 9

**Statutes**

28 U.S.C. § 1257 .................................................................................................. 1, 4

28 U.S.C. § 1738 ..................................................................................................... 6

**Rules**

Fed. R. Civ. P. 60(b)(3) ........................................................................................... 7

Indiana Rule for Small Claims 11(F) ..................................................................... 6

Trial Rule 60(B)(3) ................................................................................................. 7

# ARGUMENT

Harold argued in his opening brief that the *Rooker-Feldman* doctrine applies only to traditional case-concluding final appealable judgments from which an appeal is typically taken (and of which there is typically only one in any particular case), but not to other court orders regardless of whether they are treated as technically final or interlocutory by state law. Appellant's Brief [App. Dkt. 10], pp. 7-17. In support, Harold examined Supreme Court precedent and 28 U.S.C. § 1257 and argued that a fair reading of those authorities leads to the conclusion that the *Rooker-Feldman* doctrine only applies if a party is appealing a loss on the merits of a case as a whole rather than a loss on a particular issue. *Id.* Steel, however, states that Harold "states no authority in support of this proposition." Appellee's Brief [App. Dkt. 13], p. 11. And instead of addressing the issue in light of 28 U.S.C. § 1257 and the Supreme Court's *Rooker-Feldman* cases, Steel baldly proclaims "each of the courts which have considered the issue have held that garnishment orders are judgments for purposes of the Rooker-Feldman analysis." *Id.* Yet in support Steel cites four unreported district court cases in which the *Rooker-Feldman* doctrine was applied against *pro se* plaintiffs and in which the issue raised by Harold here was not addressed but rather *Rooker-Feldman* was simply assumed to apply. *Id.* Citing these cases as if the issue has already been conclusively decided is tantamount to simply avoiding the issue altogether. Steel has presented this Court with no real argument or authority to counter Harold's position that the *Rooker-Feldman* doctrine only applies where a state court loser is effectively

appealing a state court judgment on the merits.[1]  Because - by all accounts - Harold was not doing so here (the judgment was granted in 1993), *Rooker-Feldman* does not apply.

      Steel next attempts to defend the seemingly indefensible position that the issues raised by Harold in the small claims court which are relevant to his FDCPA claims were somehow incorporated in the small claims court's final order in garnishment, despite the fact that the record shows Harold raised all such issues AFTER the final order in garnishment issued.  Having examined this issue in additional detail, Harold believes the timing of Harold's arguments in state small claims court vis-à-vis the garnishment order is a rabbit trail in this context.[2]  The relevant question is whether the plaintiff is effectively appealing the state court judgment, not whether certain arguments were made or claims asserted or the timing thereof.  The latter are issues of res judicata, not *Rooker-Feldman*, and the

---

[1] Ironically, one of the cases cited by Steel as evidence that Indiana treats a garnishment order as a final judgment contains a quote that shows why a final judgment on the merits might be treated differently from a *Rooker-Feldman* perspective than a proceedings supplemental order: a judgment on the merits is simply different than other court rulings. "(T)here is a clear distinction between the procedure by which the right to have a judgment is determined, and the procedure by which the judgment is afterwards enforced. The determination of whether a party is entitled to judgment involves primary rights, and the substantive law, and is for judicial determination. The enforcement of the judgment involves the adjective law and executive action." *Tipton v. Flack,* 271 N.E.2d 185, 190 (Ind. Ct. App. 1971 ).

[2] Albeit a rabbit trail Harold admittedly ventured down a bit in his opening brief.  *See* Appellant's Brief, Sec. 1(d), p. 15-17.

two are frequently confused.[3] The Tenth Circuit very cogently explained the distinction:

> The *Rooker–Feldman* doctrine prohibits federal suits that amount to appeals of state-court judgments. When the state-court judgment is not itself at issue, the doctrine does not prohibit federal suits regarding the same subject matter, or even the same claims, as those presented in the state-court action. The doctrine that governs litigation of the same subject matter or the same issues is res judicata—specifically, claim preclusion and issue preclusion. Confusion on this matter is unsurprising, because whenever *Rooker–Feldman* bars a federal suit, the state suit must have concerned the same subject matter as the federal suit (after all, the federal suit is challenging the state judgment), a precondition for invocation of preclusion doctrine. But the distinction between *Rooker–Feldman* and res judicata must be preserved. We proceed to provide our understanding of the *Rooker–Feldman* doctrine and how it applies to this case.
> 
> . . .
> 
> Much of the confusion regarding the *Rooker–Feldman* doctrine has arisen from *Feldman*'s use of the term inextricably intertwined.
> 
> . . .
> 
> As we understand the Court's application of inextricably intertwined, the term is not being used to expand the scope of the *Rooker* bar beyond challenges to state-court judgments. Rather, the purpose of the term is to highlight that a challenge to a judgment is barred even if the claim forming the basis of the challenge was not raised in the state proceedings. Such a claim, despite not being specifically resolved by the judgment, is, for *Rooker* purposes, "inextricably intertwined" with the judgment. As stated by the Second Circuit in *Hoblock v. Albany County Board of Elections*, 422 F.3d 77 (2d Cir.2005), "[T]he phrase 'inextricably intertwined' has no independent content," *id*. at 87, but merely "states a conclusion," *id*. at 86. "*Rooker–Feldman* bars a federal

---

[3] *See, e.g., Arnold v. KJD Real Estate, LLC*, 752 F.3d 700, 706 (7th Cir. 2014) ("Courts often confuse *Rooker-Feldman* cases with cases involving ordinary claim or issue preclusion.").

claim, whether or not raised in state court, that asserts injury based on a state judgment and seeks review and reversal of that judgment; such a claim is 'inextricably intertwined' with the state judgment." *Id*. at 86–87.

. . .

In sum, the *Rooker–Feldman* doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id*. at 1521–22. The doctrine "does not otherwise override or supplant preclusion doctrine." *Id*. at 1522. In particular, the statute granting the Supreme Court appellate jurisdiction over state-court judgments, 28 U.S.C. § 1257, does not "stop a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court. If a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party, then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." *Id*. at 1527 (emphasis added; internal quotation marks, brackets, and ellipses omitted). This last statement undermines the district court's ruling in this case that *Rooker–Feldman* barred certain of Mr. Bolden's claims because they "could succeed only to the extent that the state court wrongly decided that [he] did not qualify for funding." Aplt.App. at 881. Appellate review—the type of judicial action barred by *Rooker–Feldman*—consists of a review of the proceedings already conducted by the "lower" tribunal to determine whether it reached its result in accordance with law. When, in contrast, the second court tries a matter anew and reaches a conclusion contrary to a judgment by the first court, without concerning itself with the bona fides of the prior judgment (which may or may not have been a lawful judgment under the evidence and argument presented to the first court), it is not conducting appellate review, regardless of whether compliance with the second judgment would make it impossible to comply with the first judgment. In this latter situation the conflict

4

> between the two judgments is to be resolved under preclusion doctrine, not *Rooker–Feldman*.
>
> . . .
>
> *Rooker–Feldman* does not bar federal-court claims that would be identical even had there been no state-court judgment; that is, claims that do not rest on any allegation concerning the state-court proceedings or judgment. A suit on such claims could not be characterized as an "appeal" of the state-court judgment, which is the core concern of *Rooker–Feldman*. To illustrate, say a father was deprived of custody of his child by a state-court judgment. If he files suit in federal court, seeking to invalidate the state-court judgment on the ground that the state-court proceedings deprived him of due process or that the judgment was otherwise contrary to federal law, his suit would be barred by *Rooker–Feldman*; the suit usurps the Supreme Court's exclusive appellate jurisdiction because it seeks to set aside the judgment based on a review of the prior proceedings. If, however, the father simply brought suit in federal court seeking custody of his child, without raising any complaint about the state-court proceedings, *Rooker–Feldman* cannot be invoked; his federal claim would have been the same even in the absence of the state-court judgment. A myriad of doctrines, including res judicata, would almost certainly bar the suit. But because he is not seeking to overturn the state-court judgment, *Rooker–Feldman* is inapplicable, regardless of whether a favorable judgment in federal court would be inconsistent with that judgment and would "den[y] a legal conclusion that [the] state court has reached." *Exxon Mobil*, 125 S.Ct. at 1527 (internal quotation marks omitted).

*Bolden v. City of Topeka, Kansas*, 441 F.3d 1129, 1139-1143, 1145 (10th Cir. 2006).

So while the timing of the making of Harold's arguments below is not dispositive on (or even relevant to?) the issue of the application of *Rooker-Feldman*, the fact that the parties are discussing this issue illustrates that Steel and the district court have incorporated certain principles of res judicata into the *Rooker-Feldman* doctrine. The Supreme Court has warned against this, saying "*Rooker-*

5

*Feldman* is not simply preclusion by another name." *Lance v. Dennis*, 546 U.S. 459, 466 (2006).

> A more expansive *Rooker–Feldman* rule would tend to supplant Congress' mandate, under the Full Faith and Credit Act, 28 U.S.C. § 1738, that federal courts " 'give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged.' " *Baker v. General Motors Corp.*, 522 U.S. 222, 246, 118 S.Ct. 657, 139 L.Ed.2d 580 (1998) (quoting *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 466, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982)); *see Exxon Mobil, supra*, at 293, 125 S.Ct. 1517. Congress has directed federal courts to look principally to state law in deciding what effect to give state-court judgments. Incorporation of preclusion principles into *Rooker–Feldman* risks turning that limited doctrine into a uniform federal rule governing the preclusive effect of state-court judgments, contrary to the Full Faith and Credit Act.

*Id.* In fact, that risk is very real here where Indiana law specifically provides that a state small claims judgment "shall not be considered an adjudication of any fact at issue in any other action or court." Indiana Rule for Small Claims 11(F) ("A judgment shall be res judicata only as to the amount involved in the particular action and shall not be considered an adjudication of any fact at issue in any other action or court."). Indiana law therefore provides the state small claims court's decision no preclusive effect whatsoever on any issue, but Steel here attempts an end-around by means of the *Rooker-Feldman* doctrine. The United States Supreme Court has instructed the *Rooker-Feldman* doctrine is not a doctrine of preclusion.

Steel next argues that the fact that Harold is attacking the state small claims court judgment can be seen because "the only damage which he alleges in his

6

amended complaint are the wages which were garnished pursuant to the small claims court's order." Appellee's Brief, p. 14.  This statement is simply not true.  Harold's amended complaint does mention the amount of money that had been garnished from Harold's wages, but does not specifically plead for the recovery of that amount as damages.  First Amended Complaint [Dkt. 12], p. 3.  Further, the amended complaint seeks an award of statutory damages.  *Id.*  As Harold pointed out in Appellant's Brief, Harold did not need to "lose" the state court case and have his wages garnished in order to have a viable FDCPA claim, replete with damages, since the FDCPA provides for statutory damages.  Appellant's Brief, pp. 17-18.

      Pulling out all the stops, Steel next attempts to argue that Harold could only challenge the state court judgment "by means of a motion filed pursuant to Trial Rule 60(B)(3) or Rule 60(b)(3) F.R.C.P." Appellee's Brief, p. 15.  Harold is perplexed as to how he could possibly file a motion pursuant to the Federal Rules in a state court proceeding.  But aside from the issue of whether Harold has alleged facts which would constitute intrinsic fraud as opposed other types of fraud, which Harold in no way concedes, and the issue of whether Steel has waived this apparently independent basis for the dismissal of Harold's lawsuit by failing to raise it until now, Steel has glaringly failed to cite any relevant authority that would support Steel's apparent contention that Indiana law prevents a state court litigant from filing an FDCPA claim based on so-called intrinsic fraud in the state court.  Harold is confident no such authority exists.

7

Steel contends that *Kelley* stands for the proposition that *Rooker-Feldman* bars relief in federal court where the relief sought requires the federal court to determine a state court erred in issuing a judgment.  Harold agrees, but strongly disagrees that such a holding is consistent with the Surpreme Court's pronouncement in *Exxon Mobil* that "(i)f a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party…, then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.'"  544 U.S. at 293.  Nevertheless, Steel says "Harold cannot prevail in this action without establishing that the Small Claims Court erred in entering the order of garnishment."  Appellee's Brief, p. 15.  Harold disagrees.  If Steel did not represent the current owner of Beech Grove Village Apartments on November 7, 2012, Steel has violated § 1692e of the FDCPA by making a false, deceptive or misleading representation in connection with the collection of a debt.  This in no way impugns the garnishment order since the state small claims court did not have to find that Steel represented the current owner of Beech Grove Village Apartments in order to grant the garnishment order.  The state small claims court did not make an explicit determination of who owned the judgment, but it is clear the state small claims court did not have to, and did not, find that the current owner of the Beech Grove Village Apartments owned the judgment.[4]  So, Harold <u>can</u> in fact prevail in his

---

[4] Since Steel represented to the state small claims court both that Steel represented Katz & Katz and Katz & Katz owned the judgment, the state small claims court presumably would

8

FDCPA lawsuit without the district court finding the garnishment order was erroneously granted, i.e., there is no complete mutual inconsistency here as Steel postulates. *Kelley* is therefore distinguishable.

Perhaps most telling about Appellee's Brief is not the arguments made, but the arguments not made. Steel blindly – and almost solely – relies on *Kelley* and neglects to address the overwhelming authority mentioned by Harold in his brief that goes the other way. For instance, Harold quoted this Court's very recent opinion in the case of *Johnson v. Pushpin Holdings, LLC* that stated:

> The rule [*Rooker-Feldman*] does not bar a federal suit that seeks damages for a fraud that resulted in a judgment adverse to the plaintiff. E.g., *Nesses v. Shepard*, 68 F.3d 1003, 1004 (7th Cir. 1995), and other cases cited in *Truong v. Bank of America, N.A.*, 717 F.3d 377, 383-84 (5th Cir. 2013). Such a suit does not seek to disturb the judgment of the state court, but to obtain damages for the unlawful conduct that misled the court into issuing the judgment.

Appellant's Brief, p. 19 (citing 748 F.3d 769, 773 (7th Cir. 2014)). This statement contradicts the holding in *Kelley*, yet Steel neglects to even mention or cite the *Pushpin Holdings* case, let alone discuss it or attempt to refute or distinguish it. Similarly, Harold noted that most post-*Exxon Mobil* courts to address the issue have concluded that "FDCPA claims based upon pre-judgment collection practices were not a challenge to the state court judgment and therefore the *Rooker-Feldman* doctrine was inapplicable." Appellant's Brief, p. 20. Harold cited sixteen such cases. *Id.* at 20-21. Steel makes no attempt to refute this statement and, other

---

not have issued the garnishment order had it found that the current owner of the Beech Grove Village Apartments was the true owner of the judgment.

than citing a few cases that followed *Kelley*, cites no recent cases that have concluded FDCPA claims are barred by *Rooker-Feldman*. *See* Appellee's Brief, pp. 16-17. In light of the numerous authorities cited by Harold, this is essentially a concession that *Kelley* is now in the minority to an overwhelming degree. Just since Harold filed his brief, there has been an additional case holding that an FDCPA claim based upon pre-judgment collection practices does not seek review of a state court judgment. *See McNair v. Maxwell & Morgan PC,* 2014 WL 4209248 *3-4 (D.Ariz. August 26, 2014); *but see, Mather v. Territorial Savings Bank*, 2014 WL 3778570 *5 (D.Haw. July 31, 2014) (concluding amendment to complaint adding FDCPA claim would be futile because it would be a direct challenge to a state foreclosure judgment and therefore barred by *Rooker –Feldman*) and *Sheikhani v. Wells Fargo Bank*, 2014 WL 4257777 *1 (7th Cir. August 29, 2014) (also concluding amendment adding FDCPA claim would be futile where *pro se* plaintiff did not dispute her claims were an attack on state court judgment).

Finally, Steel states in its conclusion: "There is no dispute that the present litigation is based upon Harold's allegations that Steel made misrepresentations and that the state court acted on those misrepresentations in deciding the case." Appellees' Brief, p. 18. This statement, a succinct summary of Steel's argument (derived from the *Kelley* case) as to why the *Rooker-Feldman* doctrine applies, shows exactly why the *Rooker-Feldman* doctrine does <u>not</u> apply. "Acted on those representations" is simply another way of saying "ruled on." But the Supreme Court instructed in *Exxon Mobil* that it is permissible for a federal court matter to

10

revisit a legal conclusion of the state court as long as an independent claim is being made. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.,* 544 U.S. 280, 293 (2005). Here, that independent claim is the Fair Debt Collection Practices Act.

## CONCLUSION

The state small claims court garnishment order ordered Harold's employer to pay $1,158.00 of Harold's wages to the state small claims court. Exhibit A [Dkt. 28-1], p. 26. By his FDCPA lawsuit, Harold is not appealing this order or otherwise challenging it but rather is seeking statutory damages for misrepresentations made by Steel in the state small claims court proceedings (which representations may or may not have led to the garnishment order, depending on which mutually-exclusive representation is considered). Harold respectfully requests that this Court reverse the district court's dismissal on *Rooker-Feldman* grounds and remand for further proceedings.

                Respectfully Submitted,

                /s/ Robert E. Duff
                Robert E. Duff, Atty No. 16392-06
                Indiana Consumer Law Group/
                The Law Office of Robert E. Duff
                P.O. Box 7251
                Fishers, IN 46037
                800-817-0461
                robert@robertdufflaw.com

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

1.     This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 3,233 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.     This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typestyle requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Office Word 2010 in 12-point New Century Schoolbook Style.


Respectfully submitted,

/s/ Robert E. Duff
Robert E. Duff, Atty No. 16392-06
Indiana Consumer Law Group/
The Law Office of Robert E. Duff
P.O. Box 7251
Fishers, IN 46037
800-817-0461
robert@robertdufflaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2014, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Robert E. Duff
Robert E. Duff, Atty No. 16392-06
Indiana Consumer Law Group/
The Law Office of Robert E. Duff
P.O. Box 7251
Fishers, IN 46037
800-817-0461
robert@robertdufflaw.com